IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN AGNEW, individually and on behalf of similarly situated individuals, § § § Plaintiffs, § § § v. § § UNITED ELECTRIC HOUSTON, LLC, § and JEFFERSON WRIGHT, § § Defendants. § | | Cause No. 4:24-cv-838<br><br>A Jury Is Demanded |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Jefferson Wright, ("Wright") and his company United Electric Houston, LLC ("United Electric"), (jointly "Defendants"), carry out a business plan that pays electricians 40 hours per week as a "salary" in order to avoid paying overtime. Electricians are paid a weekly salary, but with the knowledge of Defendants, work more than 40 hours per week. Despite having paid overtime in the past, the Defendants have initiated this salary pay in order to avoid the provisions of the Fair Labor Standards Act. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Alan Agnew ("Mr. Agnew") is one of the workers hired by Defendants as an electrician and not paid overtime pay. Mr. Agnew brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA"). Mr. Agnew also brings these claims on behalf of all individuals employed as electricians

1

Case 4:24-cv-00838   Document 1   Filed on 03/06/24 in TXSD   Page 2 of 8

by Defendants and requests that the Court issue notice regarding the existence of this lawsuit to those similarly situated individuals as soon as possible.

## Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims for Overtime

1. United Electric Houston, LLC is an electrical service company that conducts business all across Texas and in the State of Florida. Mr. Wright is the owner of United Electric.

2. United Electric hired Mr. Agnew as an apprentice electrician on March 23, 2022.

3. United Electric hired Mr. Agnew to engage in various activities related to being an electrician, including, but not limited to pulling and replacing wire, gathering and picking up materials, and transporting materials to various job sites. Mr. Agnew installed wiring, plugs, lighting controls, and light poles. Mr. Agnew carried out any job duties as assigned.

4. Mr. Agnew mostly handled commercial electrical jobs, but he also participated in residential jobs as needed. Mr. Agnew worked in Texas in the Houston, Baytown, Uvalde, and San Antonio, and also worked in Florida areas.

5. From March of 2022 through June of 2022, United Electric paid Mr. Agnew $16.00 per hour. One week, during this time period, Mr. Agnew worked 40 hours and 15 minutes overtime and was paid time-and-a-half overtime pay for that 15 minutes. Following that incident, United Electric limited Mr. Agnew's hours to 40 or less per week.

2

6. In June of 2022, United Electric, acting through Mr. Wright, approached Mr. Agnew with a new pay structure.

7. United Electric and Mr. Wright told Mr. Agnew that they would be honored to promote Mr. Agnew to a salaried position based on a presumptive 40 hours per week at $17.50 per hour, $700 per week. Over the course of the next few years, United Electric increased Mr. Agnew's pay. In July of 2023, United Electric increased Mr. Agnew's pay to $19.00 per hour or $760 per week.

8. Defendants told Mr. Agnew that he would not feel the pressure nor feel rushed at every job knowing that he was going to get 40 hours of pay per week.

9. Defendants did not change Mr. Agnew's duties in any way at all.

10. Instead, Defendants began to require Mr. Agnew to work more than 40 hours in many work weeks.

11. Defendants did not, at any time, pay any overtime premium for any of the hours Mr. Agnew worked over 40 after June of 2022.

12. Defendants did not keep time records for its employees, including Mr. Agnew.

13. Other electricians working with Mr. Agnew also worked more than 40 hours per week, and were also not paid overtime.

14. Jefferson Wright is the owner of United Electric. Mr. Wright is a person who had and exercised control over the work that Mr. Agnew and his coworkers did, how that work was done, scheduling of Mr. Agnew's and others' work and time worked, and the manner of their compensation. Mr. Wright is the person who made the decision

3

to pay Mr. Agnew and the other individuals a salary and to not pay them overtime pay for the hours that they worked over 40 each week.

## Allegations Regarding FLSA Coverage

15. Defendant United Electric Houston, LLC, ("United Electric"), is a Texas domestic for-profit limited liability company that is covered by and subject to the overtime requirements of the FLSA.

16. During each of the three years prior to this complaint being filed, United Electric was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

17. During each of the three years prior to this complaint being filed, United Electric regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

18. During each of the three years prior to this complaint being filed, United Electric conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

19. During each of the three years prior to this complaint being filed, United Electric's employees used or handled goods, tools, equipment and/or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were

grown, made, or manufactured outside the State of Texas as well as conducting work outside the State of Texas.

### **Plaintiff's and Similarly Situated Workers' Claims**

20. United Electric was legally required to pay Mr. Agnew and his similarly situated electrician co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for U.S. Title over 40 in any workweek.

21. Mr. Agnew and the Similarly Situated Workers worked over 40 hours in most of the workweeks that they worked for United Electric.

22. Defendants did not pay Mr. Agnew or any of the Similarly Situated Workers time-and-a-half for any of the overtime hours that they worked for United Electric and Mr. Wright. Defendants' underpayment of the Plaintiff and his co-workers, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other title companies that pay their employees all of the money required by law.

23. Mr. Wright controlled the manner in which Mr. Agnew and Similarly Situated Workers were compensated and was directly responsible for the fact that they were paid a salary with no overtime pay. Mr. Wright knew that Mr. Agnew and Similarly Situated Workers regularly worked more than 40 hours per week and were not paid overtime pay. Mr. Wright was also individually an employer, as that term is defined under the FLSA, of Mr. Agnew and all the United Electric employees.

24. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Mr.

Agnew and Similarly Situated Workers. Such practice was and continues to be, with regard to the Similarly Situated Workers, a clear violation of the FLSA.

25. The Defendants' knowing, willful, and reckless disregard of the rights of Mr. Agnew and the Similarly Situated Workers is sufficient to subject them to willful finding under the Fair Labor Standards Act which extends the statute of limitations to three years prior to the filing of this original complaint.

26. Mr. Wright cannot plead that he was unaware of the provisions of the Fair Labor Standards Act because he initially paid Mr. Agnew and potentially other Similarly Situated workers overtime until he was "honored" to promote Mr. Agnew to a salary and then refuse to pay overtime.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

27. Defendants violated the FLSA by not paying Mr. Agnew overtime pay for hours worked over 40 per workweek.

28. Mr. Agnew has suffered damages as a direct result of Defendants' illegal actions.

29. Defendants are liable to Mr. Agnew for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

30. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal

6

circumstances of the Similarly Situated Workers; that is, paying electricians a salary without paying them overtime pay for the hours over 40 that they worked each workweek or paying them hourly straight time without payment of the overtime premium. This generally applicable policy is prohibited by the FLSA. Mr. Agnew's experiences are typical of the experiences of the Similarly Situated Workers.

31. The group of Similarly Situated Workers is properly defined as:

> All individuals who are/were employed as electricians by United Electric Houston, LLC and/or Jefferson Wright during the three-year period preceding the filing of this Complaint.

## Defendant, Jurisdiction, and Venue

32. Defendant United Electric Houston, LLC is a Texas domestic limited liability company which may be served with citation and service of process through its registered agent, Eliosa R Wright, 721 Martin, Houston, Texas 77018, or wherever she may be found.

33. Defendant, Jefferson Wright, may be served with citation and service of process at 721 Martin, Houston, Texas 77018, or wherever he may be found.

34. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Mr. Agnew transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

35. Mr. Agnew demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Mr. Agnew and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing electrician work who are/were employed by United Electric as electricians during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,
**THE BUENKER LAW FIRM**

*/s/ Thomas H. Padgett, Jr.*
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgett@buenkerlaw.com
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**